UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Jose Luis Palomino                                    Case No.: **17-22202-RAM**
                                                      **Chapter 7**

Debtor,
_____/

### MOTION FOR ORDER TO SHOW CAUSE WHY CREDITOR GUADALUPE BARBUR SHOULD NOT BE SANCTIONED FOR VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 U.S. CODE § 362 (k)(1)

Debtor, **JOSE LUIS PALOMINO**, by and through his undersigned counsel, hereby moves the court for an award of damages against **GUADALUPE BARBUR**, for a willful violation of automatic stay and alleges the following:

1) Debtor filed a Chapter 7 bankruptcy petition on October 6, 2017.

2) The Debtor's landlord, Guadalupe Barbur (Herein "Barbur"), is listed on the petition.

3) Debtor and his family have lived in the rental unit at issue for over 17 years.

4) Barbur is the owner of Debtor's rental unit, and the landlord of the Debtor.

5) As evidenced by the attached affidavit, on October 6, 2017, (the day of the filing) Belkys Alvarez, paralegal at undersigned law firm Mendez Law Offices, PLLC, personally spoke with Barbur and informed Barbur of the Debtor's bankruptcy filing. (Exhibit #1)

6) Barbur **_had not_** obtained before the date of the filing of the bankruptcy petition, a judgment for possession against the debtor.

1

7) As such, Barbur is covered by 11 U.S. Code § 362 and pursuant to Sections (a)(1) and (a)(3) is barred from seeking possession of property of the estate or commencing/continuing litigation against the debtor.

8) Prior to filing the case, Debtor and Barbur were in a dispute about the rent.

9) Although Barbur was fully aware of the existence of the Debtor's bankruptcy case, Barbur proceeded to file an action for eviction in Miami Dade County Court on October 11, 2017, in willful violation of 11 U.S. Code § 362, Sections (a)(1) and (a)(3). (Exhibit #2)

10) As further evidence of willfulness of the violation, Barbur and her husband called undersigned's office on October 20, 2017 and told undersigned's paralegal Alvarez that Creditors did not care about the Debtor's bankruptcy filing and demanded payment of back rent and possession of the unit.

11) Furthermore, in continued evidence of willful violation of the stay, Barbur caused to be served upon the Debtor's by the Sheriff the illegally procured eviction summons and complaint on October 24, 2017.

12) In addition, Debtor has received text messages from Barbur's husband stating that Barbur purposely filed the eviction to make it difficult for Debtor to obtain new lodging.

13) Due the illegally filed eviction complaint, it is now extremely difficult for the Debtor to rent a new apartment without providing several months of security deposit.

## **DAMAGES**

Section 362(k)(1) provides that the court shall award an individual his costs and attorney's fees, in addition to actual damages and punitive damages for vindictive nature of the eviction complaint. The debtor's damages include:

a) Debtor's Reasonable Attorney's Fees of $3,000.00 (Prior to evidentiary hearing).
b) Actual Damages and Lost Wages: $10,600.00.
c) Punitive damages of $10,000.00.

**WHEREFORE,** Debtor, **JOSE LUIS PALOMINO**, respectfully requests that this Court enter an Order awarding Debtor damages in the amount of $23,600.00 and other remedy this Court seeks fit to award.

Respectfully submitted,

Mendez Law Offices, PLLC
Attorneys for Debtor
P.O. BOX 228630
Miami, Florida 33178
Telephone: 305.264.9090
Facsimile: 1.305.264.9080
Email:diego.mendez@mendezlawoffices.com
By: _____s/_____
DIEGO GERMAN MENDEZ, ESQ.
FL BAR NO.: 52748